Judge McMahon

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| ARISTA RECORDS LLC, a Delaware limited liability company; ATLANTIC RECORDING CORPORATION, a Delaware corporation; BMG MUSIC, a New York general partnership; CAPITOL RECORDS, INC., a Delaware corporation; ELEKTRA ENTERTAINMENT GROUP INC., a Delaware corporation; FONOVISA, INC., a California corporation; INTERSCOPE RECORDS, a California general partnership; LAFACE RECORDS LLC, a Delaware limited liability company; LAVA RECORDS LLC, a Delaware limited liability company; LOUD RECORDS LLC, a Delaware corporation; MOTOWN RECORD COMPANY, L.P., a California limited partnership; NARADA PRODUCTIONS, INC., a Wisconsin Corporation; NONESUCH RECORDS INC., a Delaware corporation; PRIORITY RECORDS LLC, a Delaware limited liability company; SONY BMG MUSIC ENTERTAINMENT, a Delaware general partnership; UMG RECORDINGS, INC., a Delaware corporation; VIRGIN RECORDS AMERICA, INC., a California corporation; WARNER BROS. RECORDS INC., a Delaware corporation; and ZOMBA RECORDING LLC a Delaware limited liability company,, <br><br> Plaintiffs, <br><br> -against- <br><br> DOES 1 - 33, <br><br> Defendants. | **08 CV 03048** <br><br> Civil Action No.: |

## *EX PARTE* APPLICATION FOR LEAVE TO TAKE IMMEDIATE DISCOVERY

Plaintiffs, through their undersigned counsel, pursuant to Federal Rules of Civil Procedure 26 and 45, the Declaration of Carlos Linares, and the authorities cited in the supporting Memorandum of Law, hereby apply *ex parte* for an Order permitting Plaintiffs to take immediate discovery.

In support thereof, Plaintiffs represent as follows:

1.     Plaintiffs, record companies who own the copyrights in the most popular sound recordings in the United States, seek leave of the Court to serve limited, immediate discovery on a third party Internet Service Provider ("ISP") to determine the true identities of Doe Defendants, who are being sued for direct copyright infringement.[1]

2.     As alleged in the complaint, the Doe Defendants, without authorization, used an online media distribution system to download Plaintiffs' copyrighted works and/or distribute copyrighted works to the public. Although Plaintiffs do not know the true names of the Doe Defendants, Plaintiffs have identified each Defendant by a unique Internet Protocol ("IP") address assigned to that Defendant on the date and time of that Defendant's infringing activity.

3.     Plaintiffs intend to serve a Rule 45 subpoena on the ISP seeking documents that identify each Defendant's true name, current (and permanent) addresses and telephone numbers, e-mail addresses, and Media Access Control ("MAC") addresses. Without this information, Plaintiffs cannot identify the Doe Defendants or pursue their lawsuit to protect their copyrighted works from repeated infringement.

4.     Good cause exists to allow Plaintiffs to conduct this limited discovery in advance of a Rule 26(f) conference where there are no known defendants with whom to confer.

---

[1] Because Plaintiffs do not yet know the Doe Defendants' true identities, Plaintiffs are unable to personally serve them with a copy of this motion. Instead, Plaintiffs will serve the Clerk of Court pursuant to Fed. R. Civ. P. 5(b)(2)(D) ("A paper is served under this rule by . . . leaving it with the court clerk if the person has no known address.") and will serve the Doe Defendants' ISP with a copy of this motion. Additionally, if the Court grants this motion, Plaintiffs will ask the ISP to notify each of the Doe Defendants of the subpoena and provide them with an opportunity to object.

WHEREFORE, Plaintiffs apply *ex parte* for an Order permitting Plaintiffs to conduct the foregoing requested discovery immediately.

Dated: New York, New York
      March 26, 2008

By:  _____

      Brian E. Moran (BM-8573)
      Victor B. Kao (VK-6967)
      Robinson & Cole LLP
      885 Third Avenue, Suite 2800
      New York, NY 10022-4834
      Telephone: (212) 451-2900
      Fax: (212) 451-2999

3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------- x

ARISTA RECORDS LLC, a Delaware limited :
liability company; ATLANTIC RECORDING
CORPORATION, a Delaware corporation; BMG :
MUSIC, a New York general partnership;
CAPITOL RECORDS, INC., a Delaware :
corporation; ELEKTRA ENTERTAINMENT
GROUP INC., a Delaware corporation; :
FONOVISA, INC., a California corporation;
INTERSCOPE RECORDS, a California general :
partnership; LAFACE RECORDS LLC, a
Delaware limited liability company; LAVA :
RECORDS LLC, a Delaware limited liability
company; LOUD RECORDS LLC, a Delaware :
corporation; MOTOWN RECORD COMPANY,
L.P., a California limited partnership; NARADA :
PRODUCTIONS, INC., a Wisconsin
Corporation; NONESUCH RECORDS INC., a :
Delaware corporation; PRIORITY RECORDS
LLC, a Delaware limited liability company; :
SONY BMG MUSIC ENTERTAINMENT, a
Delaware general partnership; UMG :
RECORDINGS, INC., a Delaware corporation;
VIRGIN RECORDS AMERICA, INC., a :
California corporation; WARNER BROS.
RECORDS INC., a Delaware corporation, and :
ZOMBA RECORDING LLC, a Delaware limited
liability company, :

         Plaintiffs, :

          :

      -against- :

DOES 1 - 33, :

         Defendants. :x

---------------------------------------------------------------- 

Civil Action No.:

**08 CV 03048**

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/26/08
```

## [PROPOSED] ORDER GRANTING PLAINTIFFS' *EX PARTE* APPLICATION FOR LEAVE TO TAKE IMMEDIATE DISCOVERY

Upon the Plaintiffs' *Ex Parte* Application for Leave to Take Immediate

Discovery, the Declaration of Carlos Linares, and the accompanying Memorandum of Law, it is

hereby:

ORDERED that Plaintiffs may serve immediate discovery on Columbia

University to obtain the identity of each Doe Defendant by serving a Rule 45 subpoena that seeks

documents that identify each Doe Defendant, including the name, current (and permanent)

addresses and telephone numbers, e-mail addresses, and Media Access Control addresses for

each Defendant.  The subpoena may also seek all documents and electronically-stored

information relating to the assignment of any IP address which Columbia cannot link to a

specific Doe Defendant.  The disclosure of this information is ordered pursuant to 20 U.S.C.

§ 1232g(b)(2)(B).

IT IS FURTHER ORDERED THAT any information disclosed to Plaintiffs in

response to the Rule 45 subpoena may be used by Plaintiffs solely for the purpose of protecting

Plaintiffs' rights under the Copyright Act.

IT IS FURTHER ORDERED THAT the subpoena shall afford reasonable notice

to customers so that they may object or move to quash prior to the return date of the subpoena.

Accordingly, the subpoena shall be returnable within 30 days of the date of service.

DATED:    MAR 2 8 2008            By: _____
                                      United States District Judge

2